UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| JACOB AUTHEMENT | : | CIVIL ACTION NO. 15-cv-00053 |
| VERSUS | : | JUDGE MINALDI |
| POLICE JURY OF JEFFERSON DAVIS PARISH, ET AL | : | MAGISTRATE JUDGE KAY |

**REPORT AND RECOMMENDATION**

Before the court is the civil rights complaint filed by petitioner who is currently proceeding *pro se*. Doc. 1. As stated in the minutes of the Scheduling Conference scheduled for October 15, 2015 [doc. 29], plaintiff was initially represented by counsel; however, his retained counsel moved to withdraw in part based on plaintiff's repeated failure to contact her in order that she might oppose a Motion for Summary Judgment filed by defendant. Docs. 15, 19.

The Motion to Withdraw [doc. 19] was set for hearing before the court and retained counsel was instructed to send a copy of the order setting the motion to the plaintiff at his last known address. Counsel was also instructed to make every effort to secure the participation of plaintiff at the hearing. In the order setting the motion, plaintiff was cautioned that his failure to personally appear or otherwise participate in the hearing could result in a Report and Recommendation being issued recommending that his case be dismissed for failure to prosecute. Docs. 24, 25.

Despite retained counsel's efforts [doc. 27], plaintiff failed to appear at the hearing on the Motion to Withdraw. The court granted the motion and the minutes of the hearing, which were mailed to plaintiff at his last known address, show that the court made it clear to plaintiff what his responsibilities were in representing himself. Doc. 26.

The court set a Scheduling Conference for October 15, 2015 at 11:00 a.m. A copy of the Order setting the conference was mailed to plaintiff at this last known address and he was instructed to contact chambers by telephone for the conference. He was again warned that his failure to participate could result in a Report and Recommendation being issued recommending that his case be dismissed for failure to prosecute. Doc 28.

The minutes of the Scheduling Conference reflect that plaintiff failed to contact chambers as instructed. Doc. 29.

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with ... a court order ..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30.

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days**

**following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996**

THUS DONE this 19th day of October, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE